S. G. ARMSTRONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35096. Promulgated October 12, 1931.

*Calvin Clarke, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

322

[redacted]

OPINION.

SMITH: Under certain conditions, individuals are permitted to deduct from gross income " losses sustained during the taxable year "

and "debts ascertained to be worthless and charged off within the taxable year." (See section 214 (a) (5) and (7) of the Revenue Act of 1921). The petitioner claimed the deduction of the difference between his advances to and his withdrawals from the enterprise with Wood as a loss on his 1923 income-tax return, but, on brief, argues for the allowance of this deduction as a bad debt.

In 1923 the petitioner discovered that Wood had previously abandoned the enterprise. As and when Wood disposed of the petitioner's interest in the livestock, without accounting to petitioner therefor, the petitioner sustained a loss. The respondent has determined that this loss was not sustained in the taxable year 1923, even though it was not until that year that the petitioner ascertained the fact. The ascertainment of a loss within a taxable year is not the criterion imposed by the statute for a loss deduction. Such deductions are allowable only in the year in which the loss is sustained. See *Lemuel S. McLeod*, 19 B. T. A. 134. Cf. *F. W. Darling*, 19 B. T. A. 337; affd., 49 Fed. (2d) 111; certiorari denied, 283 U. S. 866; *Edward H. R. Green*, 19 B. T. A. 904; *Leigh Carroll*, 20 B. T. A. 1029; *Lucas* v. *American Code Co.*, 280 U. S. 445. There is nothing to show that the petitioner did not sustain the loss in question prior to the taxable year before us, and upon this consideration of the claimed deduction we must approve the respondent's disallowance of same.

There is some merit to the argument that the deduction should be allowed as a bad debt, since the petitioner had a claim against Wood for the difference between the amount of petitioner's advances and the reimbursements in the event of a determination of the agreement. Cf. *A. W. Skaer*, 10 B. T. A. 247. However, assuming but not deciding that the claimed deduction represented a bad debt which petitioner ascertained to be worthless within the taxable year 1923, we would still have to sustain the respondent's disallowance thereof, since there is nothing before us to show that this amount has ever been charged off by the petitioner. As we said in *Rufus H. Syfers*, 22 B. T. A. 736, 737, "*both* the ascertainment of the worthlessness of the debt and its charge-off within the same taxable year, are conditions precedent to its deduction." Cf. *St. Joseph Valley Bank*, 15 B. T. A. 185; *C. P. Mayer*, 16 B. T. A. 1239; *Ewald & Co.*, 18 B. T. A. 1130; *Lester G. Hathaway*, 21 B. T. A. 1280.

The cases (*Edward F. Dalton*, 2 B. T. A. 615; *Gus Linn*, 4 B. T. A. 76; *Emil Stern*, 5 B. T. A. 89; *Charles H. Boulden*, 7 B. T. A. 490) cited by petitioner are distinguishable in that there was a definite finding that the debt was charged off.

*Judgment will be entered for the respondent.*